UNITED STATES of America, Plaintiff,

v.

Wallace Alan BOWKER and Lenis Marie Bowker, Defendants.

No. CR. 83–60018.

United States District Court, D. Oregon.

Aug. 12, 1983.

James Sutherland, Asst. U.S. Atty., Eugene, Or., for plaintiff.

Terrance L. McCauley, Estacada, Or., for Lenis M. Bowker.

Wallace Bowker, in pro per. Hollis McMilan, Standby Atty., Eugene, Or., for defendant.

## ORDER

JAMES M. BURNS, Chief Judge.

The grand jury charges the Bowkers with several counts of violating 26 U.S.C. § 7203, a misdemeanor. The Bowkers chose to be tried by a jury before a United States magistrate, and to have the magistrate enter judgment and sentence them.

Trial was to have begun Monday, August 8th, before Magistrate Hogan in Medford. On Friday, August 5th, the court of appeals handed down its decision in *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.,* 712 F.2d 1305 (9th Cir.1983). Magistrate Hogan believed that *Pacemaker* cast some doubt on his authority to hear the case. He therefore set the jury trial over until Tuesday, August 9th. On August 8th, Magistrate Hogan granted the government's request to postpone the trial until Tuesday, August 16th. On August 9th, the government moved to transfer the case to a district judge. This is the matter before me today. The government contends that *Pacemaker* impliedly reverses *United States v. Schatz,* No. 82–6113 (D.Or. June 20, 1983), and leaves the magistrate without jurisdiction to try the case. To read *Pacemaker* as the government suggests, one would have to assume that the court of appeals panel had "formulate[d] a rule of constitutional law broader than that necessary to resolve the case before it." *United States v. Jenkins,* No. 82–1352, slip op. 3106, 3109 (9th Cir. June 28, 1983). I do not ascribe that intent to the panel. *See Tyars v. Finner,* 709 F.2d 1274, 1286–87 (9th Cir.1983) (Norris, J., concurring). For reasons set forth below, the motion is denied.[1]

In *Schatz,* Judge Frye upheld the statutes and rules that permit a misdemeanant to consent to be tried by a magistrate. But in *Pacemaker,* the court of appeals panel invalidated section 2(2) of the Magistrates Act of 1979, 28 U.S.C. § 636(c), which allowed magistrates to try civil cases with the consent of the parties.[2] The court thus

---

1. The government's memorandum of points and authorities was very short. Obviously, the press of events and time did not allow for the filing of a memorandum with any detailed analysis of *Pacemaker's* extended effect.

One could argue—perhaps with some force—that the consent jurisdiction of magistrates in misdemeanor cases is shaky indeed. One might argue that, in view of *Northern Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 70, 102 S.Ct. 2858, 2871 nn. 24 & 25, 73 L.Ed.2d 598 (1982) (plurality opinion) and *Jenkins,* slip op. at 3110, magistrates' criminal jurisdiction (misdemeanors and perhaps petty offenses) may be constitutional only where the offense was committed on a federal enclave. Given the expansive language and novel breadth of *Pacemaker,* some observers might well predict that that panel would—if the case were before it—deal a death blow to magistrates' misdemeanor jurisdiction outside a federal enclave.

If the theory described briefly in this footnote were to prevail, it would, of course, have an awesome and destructive effect on the administration of justice in the district courts of this circuit. This court will not, in the absence of specifically compelling case authority from the court of appeals or the Supreme Court itself, reach out to formulate and adopt such "a rule of constitutional law [far] broader than that necessary to resolve the case before it." *Id.* at ——.

2. On August 11th, the panel amended its August 5th opinion. The sentence (page 15, line 27, through page 16, line 3) that read: "We hold that our decision shall not apply to all cases of this circuit that have been disposed of on appeal or those for which the time for appeal has run" has been removed. The panel substituted the following sentence in its place: "We hold that, with the exception of the case before us, our decision shall not apply to any case of this Circuit referred to a magistrate

halted what it saw as Congress' "encroachment on the judicial power of the United States." *Northern Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 84, 102 S.Ct. 2858, 2878, 73 L.Ed.2d 598 (1982) (plurality opinion).

It is not necessary to extend the *Pacemaker* principles to this case to protect the independence of the judiciary. In Rule 2(c) of the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates,[3] the Supreme Court permits a defendant to waive trial, judgment, and sentencing by a district judge and to consent to trial, judgment, and sentencing by a magistrate. *Cf.* Fed.R.Civ.P. 73(b).[4] And while the *Pacemaker* panel faulted Congress for delegating the task of rendering a final decision to a non-article III officer, in Rule 7(e) the Supreme Court expressly renounced district court trial *de novo* in misdemeanor cases. Therefore, this case does not present the same separation of powers problem that the panel found in *Pacemaker.*

■ Article III is a structural provision. It protects the judiciary from the other branches of government. *Turner v. Japan Lines, Ltd.,* 562 F.Supp. 348, 352–53 (D.Or. 1983), *aff'd summarily,* No. 83–3750 (9th Cir. June 7, 1983). Article III does not guarantee a defendant a decisionmaker free from the influences within the judicial branch itself. A defendant's right to an impartial decisionmaker flows not from the separation of powers doctrine but from that of due process. *Id.* at 353; M. Redish, Federal Jurisdiction: Tensions in the Allocations of Judicial Power 24–25 (1980).

*Marathon* is not to the contrary. The only proposition supported by a majority of the members of the Court was that the Bankruptcy Act was unconstitutional because it enabled the Bankruptcy Court to decide Northern's state law claims over Marathon's objection. 102 S.Ct. at 2882 (Rehnquist, J., concurring). Justices Rehnquist and O'Connor emphasized that all the Court refused to do was sanction adjudication by an article I judge to which the litigant was "subjected against its will." *Id.* at 2881–82. The decision that represents the majority viewpoint therefore hinged on the absence of litigant consent. Consent is relevant to a discussion of due process; it is not relevant to an article III analysis. *Pacemaker* at 1311.

■ Criminal defendants are free to waive their due process rights. *E.g., McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). The Bowkers could have pled guilty and waived their rights (a) to be tried by a jury; (b) to the assistance of counsel; (c) to confront and cross-examine witnesses against them; and (d) not to be compelled to incriminate themselves. *Id.; see* Fed.R. Crim.P. 11(c)(3). It is not constitutionally objectionable for the Bowkers to choose the less extreme waiver of rights embodied in their preference of a magistrate over a district judge. This decision redounds to the Bowkers' benefit. By choosing a magistrate to preside at trial, the Bowkers gave the court the flexibility to hear the case in Medford, near the Bowkers' home town, rather than possibly requiring them to travel to Eugene or to Portland for the trial.

The Bowkers do not claim that their waivers were unknowing or involuntary. Indeed, at a phone conference yesterday,

---

under the provisions of 28 U.S.C. § 636(c) prior to the date on which the mandate shall issue this case."

If the theory described in footnote 1 is valid, this change in text—however welcome it might be for civil litigants caught in the bite of the *Pacemaker* line—would hardly furnish solace for those who seek to preserve magistrates' misdemeanor jurisdiction.

**3.** The Supreme Court prescribed these rules pursuant to 18 U.S.C. § 3402. *See* 28 U.S.C. § 636(a)(3).

**4.** This rule became effective August 1, 1983, but the *Pacemaker* panel made no mention of it. *See* 51 U.S.L.W. 4505 (U.S. May 3, 1983). The panel therefore fails to harmonize the Supreme Court's decision in *Marathon* with its issuance a year later of Rule 73(b), which permits case-dispositive consensual references of civil cases to magistrates.

the defendants did not endorse the government's motion. Thus, the case will proceed to trial, judgment, and sentencing before Magistrate Hogan on Wednesday, August 17th.[5]

IT IS SO ORDERED.

---

5. Initially, the government requested that, if I denied its motion to transfer, I grant it a twenty-day continuance to petition for a writ of mandamus. The government has now withdrawn that part of the motion with leave to renew it before trial begins on August 17th. If the government chooses to press this alternative motion, I intend to grant whatever continuance the circumstances warrant.